William C. Miranda
(Name)

CSATF/SP  P.O. Box 5242
(Address)

Corcoran, CA  93212-5242
(City, State, Zip)

V-63893
(CDC Inmate No.)



2254 ___ 1983 ✓
**FILING FEE PAID**
Yes ___ No ✓
**IFP MOTION FILED**
Yes ✓ No ___
**COPIES SENT TO**
Court ✓  ProSe ___

FILED
2008 MAR 24  PM 4:15
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___RM___ DEPUTY

# United States District Court
## Southern District of California

William C. Miranda                          )
(Enter full name of plaintiff in this action.)  )
                                            ) '08 CV 0550 BEN WMc
                                            ) Civil Case No. _____
                     Plaintiff,             ) (To be supplied by Court Clerk)
                                            )
v.                                          )
                                            )
G.J. Giurbino, Warden                       ) Complaint Under the
S. Valenzuela, CC-II                        ) Civil Rights Act
S. Swift, LPT                               ) 42 U.S.C. § 1983
J. Reyes, IGI, et al.                       )
(Enter full name of each defendant in this action.) )
                     Defendant(s).          )
                                            )

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

## B. Parties

1. <u>Plaintiff</u>: This complaint alleges that the civil rights of Plaintiff, William C. Miranda
(print Plaintiff's name)
, who presently resides at CSATF/SP
(mailing address or place of confinement)
P.O. Box 5242, Corcoran, CA  93212-5242  , were violated by the actions
of the below named individuals. The actions were directed against Plaintiff at Centinela
State Prison              on (dates)  05/25/06 — 05/25/07 **
(institution/place where violation occurred)   (Count 1)    (Count 2)    (Count 3)

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

§ 1983 SD Form
(Rev. 5/98)                                         ::ODMA\PCDOCS\WORDPERFECT\22834\1

CR

Defendant   G.J. Giurbino*          resides in   Imperial/San Diego   ,
            (name)                                (County of residence)
and is employed as a   Warden                      . This defendant is sued in
                       (defendant's position/title (if any))
his/her XXindividualXX official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: As Warden of Centinela State Prison, he set the policy, CEN O.P. #(4)006, challenged in this action. (Please refer to Supplemtal Brief)

Defendant   S. Valenzuela            resides in   Imperial/San Diego   ,
            (name)                                (County of residence)
and is employed as a   Correctional Counselor II   . This defendant is sued in
                       (defendant's position/title (if any))
his/her XXindividualXX official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: As member of the Institutional Classification Committee, classified Plaintiff as Special Needs Yard (SNY) inmate, yet propagated said policy with indifference to inherent danger as applied to SNY inmates. (Please refer to Supplemental Brief)

Defendant   S. Swift                 resides in   Imperial/San Diego   ,
            (name)                                (County of residence)
and is employed as a Licensed Psychiatric Technician . This defendant is sued in
                     (defendant's position/title (if any))
his/her XXindividualXX official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: As member of the Institutional Classification Committee, classified Plaintiff as Special Needs Yard (SNY) inmate, yet propagated said policy with indifference to inherent danger as applied to SNY inmates. (Pleas refer to Supplemental Brief)

Defendant   J. Reyes                 resides in   Imperial/San Diego   ,
            (name)                                (County of residence)
and is employed as a   Correctional Officer, IGI   . This defendant is sued in
                       (defendant's position/title (if any))
his/her XXindividual Xofficial capacity. (Check one or both.) Explain how this defendant was acting

under color of law: As member of the Institutional Classification Committee, classified Plaintiff as Special Needs Yard (SNY) inmates, yet propagated said policy with indifference to inherent danger as applied to SNY inmates. (Please refer to Supplemental Brief)

Defendant   P. Johnson   resides in   Imperial/San Diego ,
            (name)                    (County of residence)
and is employed as a   C&PR                . This defendant is sued in
                       (defendant's position/title (if any))
his/her XX individual XX official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: As member of the Institutional Classification Committee, classified Plaintiff as Special Needs Yard (SNY) inmate, yet propagated said policy with indifference to inherent danger as applied to SNY inmates.
(Pleas refer to Supplemental Brief)

Defendant   D. Capellino   resides in   Imperial/San Diego ,
            (name)                      (County of residence)
and is employed as a   Associate Warden   . This defendant is sued in
                       (defendant's position/title (if any))
his/her XX individual XX official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: As member of the Institutional Classification Committee, classified Plaintiff as Special Needs Yard (SNY) inmate, yet propagated said policy with indifference to inherent danger as applied to SNY inmates.
(Pleas refer to Supplemental Brief)

Defendant   S. Davis   resides in   Imperial/San Diego ,
            (name)                  (County of residence)
and is employed as a   ASU Lieutenant   . This defendant is sued in
                       (defendant's position/title (if any))
his/her XX individual XX official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: As member of the Institutional Classification Committee, classified Plaintiff as Special Needs Yard (SNY) inmate, yet propagated said policy with indifference to inherent danger as applied to SNY inmates.
(Please refer to Supplemental Brief)

Defendant   J. Trujillo   resides in   Imperial/San Diego ,
            (name)                     (County of residence)
and is employed as a   Correctional Officer   . This defendant is sued in
                       (defendant's position/title (if any))
his/her XX individual XX official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: As escorting officer, took supervision of Plaintiff on date of 'Incident,' 09/16/06.
(Please refer to Supplemental Brief)

Defendant **M. Lopez** (name) resides in **Imperial/San Diego** (County of residence), and is employed as a **Correctional Officer** (defendant's position/title (if any)). This defendant is sued in his/her XX individual XX official capacity. (Check one or both.) Explain how this defendant was acting under color of law: As escorting officer, took supervision of Plaintiff on date of 'Incident.'
(Please refer to Supplemental Brief)

Defendant **G. Vasquez** (name) resides in **Imperial/San Diego** (County of residence), and is employed as a **Correctional Officer** (defendant's position/title (if any)). This defendant is sued in his/her XX individual XX official capacity. (Check one or both.) Explain how this defendant was acting under color of law: As Observation Tower Officer, was to assist in supervision of Plaintiff, during escort, on date of 'Incident.'
(Please refer to Supplemental Brief)

Defendant **D. Sanchez** (name) resides in **Imperial/San Diego** (County of residence), and is employed as a **Correctional Officer** (defendant's position/title (if any)). This defendant is sued in his/her XX individual XX official capacity. (Check one or both.) Explain how this defendant was acting under color of law: As Search & Escort Officer, was to assist in supervision of Plaintiff, during escort, on date of 'Incident.'
(Please refer to Supplemental Brief)

Defendant **O. Martin** (name) resides in **Imperial/San Diego** (County of residence), and is employed as a **Correctional Officer** (defendant's position/title (if any)). This defendant is sued in his/her XX individual XX official capacity. (Check one or both.) Explain how this defendant was acting under color of law: As Yard Officer, was to assist in supervision of Plaintiff, during escort, on date of 'Incident.'
(Please refer to Supplemental Brief)

Defendant <u>Unknown number of John Does</u> resides in <u>Imperial/San Diego</u>,
(name)                                                   (County of residence)
and is employed as a <u>Facility "A" Yard Officers</u>. This defendant is sued in
(defendant's position/title (if any))
his/her XXindividualXX official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: As assigned to Facility "A" Yard, were to assist in supervision of Plaintiff, during escort, on date of 'Incident.' This would include <u>all</u> Yard Staff, and S&E, assigned to work on Facility "A" on date of 'Incident,' 09/16/06. (Please refer to Supplemental Brief)

Defendant <u>H.A. Mendez</u> resides in <u>Imperial/San Diego</u>,
(name)                                (County of residence)
and is employed as a <u>ASU Sergeant</u>. This defendant is sued in
(defendant's position/title (if any))
his/her XXindividualXX official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: As Supervisor listed on various documents (see Exhibits 'A,' 'B,' & 'C'), was to assist in training of Correctional Officers who supervised Plaintiff, in proper handling of SNY inmates during an escort outside the ASU Housing. (Please refer to Supplemental Brief)

Defendant <u>B. Clark</u> resides in <u>Imperial/San Diego</u>,
(name)                               (County of residence)
and is employed as a <u>ASU Sergeant</u>. This defendant is sued in
(defendant's position/title (if any))
his/her XXindividualXX official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: As Supervisor listed on various documents (see Exhibits 'A,' 'B,' & 'C'), was to assist in training of Correctional Officers who supervised Plaintiff, in proper handling of SNY inmates during an escort outside the ASU Housing. (Please refer to Supplemental Brief)

Defendant <u>C. Horne*</u> resides in <u>Imperial/San Diego</u>,
(name)                                 (County of residence)
and is employed as a <u>ASU Sergeant</u>. This defendant is sued in
(defendant's position/title (if any))
his/her XX individualXX official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: As Supervisor listed on various documents (see Exhibits 'A,' 'B,' & 'C'), was to assist in trianing of Correctional Officers who supervised Plaintiff, in proper handling of SNY inmates during an escort outside the ASU Housing. (Please refer to Supplemental Brief)

Defendant   G.N. Granish*   resides in   Imperial/San Diego ,
(name)                                   (County of residence)
and is employed as a   ASU Lieutenant   . This defendant is sued in
(defendant's position/title (if any))
his/her XX individual XX official capacity. (Check one or both.) Explain how this defendant was acting under color of law: As Supervisor listed on various documents (see Exhibits 'A,' 'B,' & 'C'), was to assist in training of Correctional Officers who supervised Plaintiff, in proper handling of SNY inmates during an escort outside the ASU Housing. (Please refer to Supplemental Brief)

Defendant   K. Thompson   resides in   Imperial/San Diego ,
(name)                                   (County of residence)
and is employed as a   Lieutenant, Watch Commander   This defendant is sued in
(defendant's position/title (if any))
his/her XX individual XX official capacity. (Check one or both.) Explain how this defendant was acting under color of law: As Supervisor listed on various documents (see Exhibits 'A,' 'B,' & 'C'), was to assist in training of Correctional Officers who supervised Plaintiff, in proper handling of SNY inmates during an escort outside the ASU Housing. (Pleas refer to Supplemental Brief)

Defendant   M. Sanders*   resides in   Imperial/San Diego ,
(name)                                   (County of residence)
and is employed as a   Captain, Facility "A"   . This defendant is sued in
(defendant's position/title (if any))
his/her XX individual XX official capacity. (Check one or both.) Explain how this defendant was acting under color of law: As Supervisor listed on various documents (see Exhibits 'A,' 'B,' & 'C'), was to assist in training of Correctional Officers who supervised Plaintiff, in proper handling of SNY inmates during an escort outside the ASU Housing. (Please refer to Supplemental Brief)

Defendant   V.M. Almager*   resides in   Imperial/San Diego ,
(name)                                   (County of residence)
and is employed as a   Associate Warden   . This defendant is sued in
(defendant's position/title (if any))
his/her XX individual XX official capacity. (Check one or both.) Explain how this defendant was acting under color of law: As Supervisor listed on various documents (see Exhibits 'A,' 'B,' & 'C'), was to assist in training of Correctional Officers who supervised Plaintiff, in proper handling of SNY inmates during an escort outside the ASU Housing. (Please refer to Supplemental Brief)

Defendant **D. Paramo*** (name) resides in Imperial/San Diego (County of residence), and is employed as a **Associate Warden** (defendant's position/title (if any)). This defendant is sued in his/her XX individual XX official capacity. (Check one or both.) Explain how this defendant was acting under color of law: As Supervisor listed on various documents (see Exhibits 'A,' 'B,' & 'C'), was to assist in training of Correctional Officers who supervised Plaintiff, in proper handling of SNY inmates during an escort outside the ASU Housing. (Please refer to Supplemental Brief)

Defendant **D.C. Johnson** (name) resides in Imperial/ San Diego (County of residence), and is employed as a **ASU Sergeant** (defendant's position/title (if any)). This defendant is sued in his/her XX individual XX official capacity. (Check one or both.) Explain how this defendant was acting under color of law: As Supervisor listed on various documents (see Exhibits 'A,' 'B,' & 'C'), was to assist in training of Correctional Officers hwo supervised Plaintiff, in proper handling of SNY inmates during an escort outside the ASU Housing. (Please refer to Supplemental Brief)

Defendant **N. Grannis** (name) resides in Sacramento? (County of residence), and is employed as a **Chief, Inmate Appeals** (defendant's position/title (if any)). This defendant is sued in his/her XX individual XX official capacity. (Check one or both.) Explain how this defendant was acting under color of law: As Chief Administrative Reviewer of Plaintiff's grievance of instant action, he was to discover violations of Plaintiff's civil rights, inherent danger of said policy as applied to Plaintiff, an SNY inmate (Please refer to Exhibit 'C' pg. 15)

Defendant **P. Enriquez** (name) resides in Imperial/San Diego (County of residence), and is employed as a **Appeals Examiner** (defendant's position/title (if any)). This defendant is sued in his/her XX individual XX official capacity. (Check one or both.) Explain how this defendant was acting under color of law: As Examiner on behalf of CDCR, of Plaintiff's grievance of instant action, he was to discover violations of Plaintiff's civil rights, inherent danger of said policy as applied to Plaintiff, an SNY inmate. (Please refer to Exhibit 'C' pg. 14)

\* [The names above with asterisks, acted under color of law in various capacities listed above (i.e., dual or more capacities), and is explained in Supplemental Brief attached]

§ 1983 SD Form (Rev. 5/98)    2/f    ::ODMA\PCDOCS\WORDPERFECT\22834\1

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

<u>Count 1</u>: The following civil right has been violated:

Failure to protect.

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

On 09/19/06, Plaintiff was being escorted across a main-line yard from which he had previously received death threats. Plaintiff notified Correctional Officers J. Trujillo and M. Lopez of the risk of harm prior to being escorted. They made light of the situation, and proceeded to escort Plaintiff across this Yard. Several inmates thus indicated to Plaintiff, through handsigns, that he would be "stuck" (stabbed). On return trip through the main-line yard, Plaintiff notified both officers of this additional threat. They proceeded to escort Plaintiff back through this main-line yard. Halfway through the yard, Plaintiff was attacked by the same inmates who had made the handsigns earlier that day. Two inmates attacked Plaintiff with a prison-made, metal shiv, and were charged with "Attempted Murder."

The remaining Yard Officers who, by their own policy, CEN O.P. #(4)006, were to be vigilant during an escort, failed to protect Plaintiff: G. Vasquez, D. Sanchez, O. Martin, and unknown number of John Does.

Similarly, the Supervisors of the above Officers, in failing to train in escorting SNY inmates, or recognizing the substantial risk of exposing them to their arch enemies on a main-line yard, failed to protect Plaintiff: H.A. Mendez, B. Clark, C. Horne*, G.N. Granish*, K. Thompson, M. Sanders*, V.M. Almager*, D. Paramo*.

(Please refer to Supplemental Brief)

<u>Count 2</u>: The following civil right has been violated: _____
(E.g., right to medical care, access to courts,
Right to substantive and procedural due process.
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

On 05/25/06, Plaintiff was classified as SNY, which indicated that his presence on a main-line yard posed a substantial risk of serious harm. After Plaintiff complained of an attack on his life, the administrative officials claimed that the officers were following procedure for escort, pursuant to CEN O.P. #(04)006.

Plaintiff now alleges that administrative officials failed to recognize that said policy does not take into account the SNY standing of Plaintiff, and only serves to protect the prison guards from the inmates. These officials failed to review said policy, in light of over (7) years wherein the California Department of Corrections has recognized the substantial risk of harm to SNY inmates, so that they have established whole prison yards, in over (8) separate prisons to accommodate them. These officials failed to revise said escort policy when escorting SNY inmates across a main-line yard: (By the Institutional Classification Committee (ICC)), G. Giurbino*, P. Johnson, S. Valenzuela, D. Capellino, S. Swift, S. Davis, J. Reyes.

Similarly, the Administrative Reviewers at (3) different levels, failed to recognize the inherent danger of said policy, and to amend its application as it pertains to escorting SNY inmates across a main-line yard: C. Horne*, D. Paramo*, V.M. Almager*, N. Grannis, P. Enriquez.

Likewise, the Use of Force Committee, after making a "thorough" investigation of the above 'Incident,' failed to recognize that said policy was inherently dangerous as applied to Plaintiff, an SNY inmate.

(Please refer to Supplemental Brief)

<u>Count 3</u>: The following civil right has been violated:
Right to equal protection.
(E.g., right to medical care, access to courts,

§ 1983 SD Form
(Rev. 5/98)

4

::ODMA\PCDOCS\WORDPERFECT\22834\1

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

After being classified as SNY, these prison officials failed to provide same protection other SNY inmates at designated SNY prison yards: G.J. Giurbino*, S. Valenzuela, S. Swift, J. Reyes, P. Johnson, D. Capellino, S. Davis, J. Trujillo, M. Lopez, G. Vasquez, D. Sanchez, O. Martin, H.A. Mendez, C. Horne*, K. Thompson, V.M. Almager*, B. Clark, G.N. Granish*, M. Sanders*, D. Paramo*, N. Grannis, P. Enriquez, and unknown number of John Does.

* All names with asterisks in Counts 1 - 3, have violated Plaintiff's civil rights more than once, in various degrees, at various times, and in various capacities.

** Dates are continual, from 05/25/06 through 05/25/07, inclusive, taking into account date when the ICC first decided to classify Plaintiff as SNY (based on results of investigation by Sergeant Quiroz), through date when final administrative review was signed, based on that reviewer's own analysis of this 'Incident.'

(Please refer to Supplemental Brief)

### D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _____ N/A _____

Defendants: _____

(b) Name of the court and docket number: _____
_____

(c) Disposition: [For example, was the case dismissed, appealed, or still pending?] _____
_____

(d) Issues raised:
_____
_____
_____
_____

(e) Approximate date case was filed: _____.

(f) Approximate date of disposition: _____.

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? XX Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

```
Plaintiff has timely sought administrative relief through the highest
level.  Relief was denied at all (3) levels.
(Please refer to Supplemental Brief, and Exhibit 'C')
```

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

    1. An injunction preventing defendant(s):

    2. Damages in the sum of $ To be decided by the Court.

    3. Punitive damages in the sum of $ To be decided by the Court.

    4. Other: Nominal.

**F. Demand for Jury Trial**

Plaintiff demands a trial by [ ] Jury [XX] Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

[XX] Plaintiff consents to magistrate judge jurisdiction as set forth above.      **OR**     [ ] Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

2-22-08  
Date

*Miranda Williams*  
Signature of Plaintiff

§ 1983 SD Form  
(Rev. 5/98)

7

::ODMA\PCDOCS\WORDPERFECT\22834\1