William C. Miranda
CDC# V-63893
CSATF/SP
P.O. Box 5242
Corcoran, CA  93212-5242

In propria persona

NUNC PRO TUNC
AUG 29 2008

FILED
SEP 3 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| William C. Miranda,<br>    Plaintiff,<br><br>v.<br><br>G.J. Giurbino, Warden, et al.<br>    Defendants. | No. 08cv550 BEN(WMc)<br><br>NOTICE OF ERRATA, AND<br>ERRATUM SHEET |
|---|---|

TO THE HONORABLE ROGER T. BENITEZ, UNITED STATES DISTRICT JUDGE, SOUTHER DISTRICT OF CALIFORNIA:

William C. Miranda, Plaintiff in the above-titled case, now comes before this Court to give Notice of Errata, and to provide Erratum Sheet for substitution thereof.

Said Complaint, under the Civil Rights Act, 42 U.S.C. § 1983, was signed and committed to the California Substance Abuse Treatment Facility & Prison (CSATF/SP), personnel on February 22, 2008, for mailing.

The corrections and page number correspond to the filed Supplemental Brief in Support of Complaint.

///

///

(1)

| Page Number: | Error: |
|---|---|
| 8 | ¶ 17. last line reads:<br>and "C" pg. 13]: |
| | Should read:<br>and "C" pg. 13]: - O. Martin, Correctional Officer. |
| 8 | Footnote 2/ last line reads:<br>yard under escort. |
| | Should read:<br>yard under escort. By his own testimony, he was not assisting with the escort, thus not at his assigned post. |

Plaintiff submits the preceding corrections, and does submit the following corrected Erratum Sheet to replace that page identified above.

8-24-08
Date

*Miranda William*
William C. Miranda,
Plaintiff

///
///
///

to finish, or **(b)** he was never notified per their own policy [see EXHIBITS "B" pgs. 15, 16; and "C" pg. 13]:

- D. Sanchez, Correctional Officer, Facility "A" S & E [2/].

### 4. Facility "A" Yard Officer #3:

17. According to CEN O.P. #(4)006, "Prior to the departure of an escort from ASU... the Facility "A" Yard Officer will be informed via inter-institutional radio or telephone....Staff must remain alert to potential violence during the escorts...." [emphasis added]. This Officer reports in the CDC-837 Report that, "...While performing my duties as "A" Yard #3, I responded tot he yard alarm and saw I/M Leon, F-27377, who was later identified, running across the yard from "A" Voc. area to the front of 'A-3'...." Thereafter, the only "protection" this Officer provided, was in escorting, "...Inmate Leon to the MTA office to have a 7219 done on I/M Leon by MTA Beltran. I then escorted I/M Leon to A5 ASU." Either **(a)** he ignored the mandated warning of an escort, which would have him assisting in the escort, or at the very least, keeping eye contact with the escort party from start to finish, or **(b)** he was never notified per their own policy [see EXHIBITS "B" pgs. 26, 27; and "C" pg. 13]: - O. Martin, Correctional Officer.

18. It is significant to note that while Sergeant C. Horne, answers the First level Administrative Appeal by stating that both the, "Yard Observation Tower [and] Yard Staff," were notified about an ASU escort adding, "I...I would definitely consider that protecting you." [see EXHIBIT "C" pg. 2], the evidence above indicates that only (3) officers responded, "to an alarm" -- after the fact! These officers,

---

[2/] "S & E" is Search & Escort. By definition and post assignment, he is responsible for assisting in any escort - especially when ASU inmates traverse the main-line yard under escort. By his own testimony, he was not assisting with the escort, thus not at his assigned post.